IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03294-WJM-MJW

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

DISH NETWORK, LLC,

Defendant.

**ORDER REGARDING
ORDER TO SHOW CAUSE CONCERNING ITEM 14 OF SUBPOENA 1
(Docket No. 7)**

**MICHAEL J. WATANABE
United States Magistrate Judge**

This matter was before the court on March 4, 2014, for hearing on an Order to Show Cause (docket no. 7, filed December 1, 2013). At this hearing, this court entered a number of Orders concerning subpoena 1 and subpoena 2 that were served upon Defendant DISH Network, LLC ["DISH"], by the Equal Employment Opportunity Commission ["EEOC"]. See docket no. 19 for Orders entered on the record by Magistrate Judge Watanabe. In addition, this court took under advisement Item 14 of subpoena 1 and allowed both sides to submit supplemental legal briefs. See docket no. 19.

The parties have filed their supplemental legal briefs with the court. The EEOC has filed its Reply in Favor of EEOC's Application to Show Cause Why Administrative Subpoenas Should Not be Enforced (docket no. 25). DISH has also filed the Defendant

2

DISH Network, LLC's Post-Hearing Reply to Plaintiff EEOC's Application for Order to Show Cause (docket no. 24).  The court has reviewed these supplemental legal briefs (docket nos. 24 and 25).  The court has further considered the arguments concerning Item 14 in subpoena 1 during the hearing on March 4, 2014.  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That the only remaining dispute is whether DISH should be required to produce the names and contact information for individuals who successfully completed the test, were hired by DISH, and are current employees of DISH;

5. That as to Item 14 in subpoena 1, the EEOC argues that it is entitled to the contact information being requested in Item 14 of the individuals described in paragraph 4 above, since only these individuals can describe how the online process worked for successful applicants.  The individuals [i.e., potential witnesses]

3

also have indispensable information necessary to test the legitimacy of DISH's defenses, including: (a) whether or not there really were effective ways to request an accommodation and engage in the interactive process during the online applications phase; (b) the extent to which the question of DISH's online application corresponds with the day-to-day operations and job duties for which the application is prerequisite hence making them job-related and consistent with business necessity; and, (c) whether DISH provides or can provide scheduling accommodations for people with disabilities who cannot work all shifts as the company only just recently claims;

6. That DISH argues first that the EEOC procedurally did not follow and comply with its compliance manual. In particular, DISH argues that the EEOC is in non-compliance in the serving and enforcing of the subject subpoena 1 and 2. Secondly, DISH argues that the requested contact information sought in Item 14 in subpoena 1 is irrelevant;

7. That DISH [Employer] has waived its objections to the enforcement of subpoenas 1 by failing to file a timely petition. See EEOC v. Aerotek, Inc., 498 Fed. Appx. 645, 649 (7th Cir. 2013). In this case, DISH received the EEOC's subpoena on July 2, 2013, at 10:30 a.m. (docket no. 3-10) and failed to timely file any petition to modify or revoke the subpoena;

8.  That the only requirements on the EEOC when serving or enforcing a subpoena are those provided for by law and/or federal regulation. "[T]he EEOC need not follow the procedures outlined in its compliance manual in every case. The manual's provisions are discretionary in this respect . . . ." <u>EEOC v. University of Pittsburgh</u>, 643 F.2d 983, 986 n.4 (3rd Cir. 1980); and

9.  That the names and contact information sought in Item 14 in subpoena 1 are relevant to the charge being investigated by the EEOC. The names and contact information are relevant to the EEOC's investigation of alleged unlawful testing and failure to provide reasonable accommodation to applicants with disabilities. Lastly, the EEOC is not seeking the names and contact information from DISH for an improper motive or in bad faith.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1.  That the Order to Show Cause (docket no. 7, filed December 11, 2013) as to Item 14 in subpoena 1 is made absolute. DISH shall provide to the EEOC full and complete responses to Item 14 in subpoena 1 within the scope of paragraph 4 above on or before April 18, 2014; and

2.  That each party shall pay their own attorney fees and costs.

Done this 17th day of March 2014.

                                                BY THE COURT

                                                <u>s/Michael J. Watanabe</u>
                                                MICHAEL J. WATANABE
                                                U.S. MAGISTRATE JUDGE