IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03294-WJM-MJW

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

DISH NETWORK, LLC,

Defendant.

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that Defendant Dish Network, L.L.C.'s Emergency Motion to Stay and Modify the March 17, 2014 Discovery Order (docket no. 29) is DENIED for the following reasons.

It is FURTHER ORDERED that the parties shall comply with this court's Order Regarding Order to Show Cause Concerning Item 14 of Subpoena 1 (docket no. 7)[docket no. 27].

In the subject motion (docket no. 29), Defendant seeks an Order from this court to stay this court's March 17, 2014, Order regarding its Order to Show Cause Concerning Item 14 of Subpoena 1 (docket no. 7) [docket no. 27] and require Defendant to produce only a sample of the contact information for current employees by May 5, 2014.

"A stay is not a matter of right, even if irreparable injury might otherwise result." United States v. Roe, 2010 WL 3777606, at *1 (D. Colo. Sept. 20, 2010) (quoting Virginian R. Co. v. United States, 272 U.S. 658, 672 (1926)). It is instead "an exercise of judicial discretion," and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." Id. (quoting Virginian, 272 U.S. at 672-73). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Id.

When determining the propriety of a stay, a district court should consider: (1) whether the movant is likely to prevail; (2) whether, absent a stay, the movant will suffer irreparable harm; (3) whether the issuance of a stay will cause substantial harm to the other parties to the proceedings; and (4) the public interests at stake. United Steelworkers of Am. v. Oregon Steel Mills, Inc., 322 F.3d 1222, 1227 (10th Cir. 2003).

2

"A stay of a magistrate judge's discovery order should be granted sparingly." <u>HEI Resources East OMG Joint Venture v. Evans</u>, 2009 WL 250364, at *2 (D. Colo. Feb. 3, 2009). Such a stay "may be appropriate where there is a serious issue about the propriety of the ruling and where failure to render a stay could result in serious, irreversible injury to the party seeking the stay." <u>Id.</u>   "Thus, for example, a stay may be appropriate where enforcing the existing discovery order would require the disclosure of arguably privileged information, trade secrets to a competitor, or the like." <u>Id.</u>

Here, I find that Defendant has failed to demonstrate "good cause" for a stay. Defendant is not likely to succeed on its Rule 72 objections (docket no. 32) to this court's Order Regarding Order to Show Cause Concerning Item 14 of Subpoena 1 (docket no. 7) [docket no. 27].  "The EEOC [Plaintiff] has neither appealed this court's Order [Regarding Order to Show Cause Concerning Item 14 of Subpoena 1 (docket no. 7)[docket no. 27]] nor issued a subsequent request for information, and does not anticipate doing either unless it becomes necessary.  Indeed, EEOC [Plaintiff] has no reason to seek such information until it has obtained all of the information the Court had ordered and somehow found it insufficient to complete the investigation." See top paragraph page 10 in Response (docket no. 34).  I further find that Defendant has not demonstrated irreparable harm that may result if a stay is not granted.  Instead, I find that harm may result to Plaintiff if a stay is granted, noting that there has been a long delay in Defendant providing relevant information per the subpoenas to Plaintiff.  Lastly, I find that the public's interest in the speedy resolution of disputes will be harmed if a stay is granted, and the purposes of Fed. R. Civ. P. 1 and the Civil Justice Reform Act would be circumvented if a stay were to be granted under the facts, circumstances, and current posture of this case.  For all of these reasons, the subject motion (docket no. 29) should be denied.

Date: April 7, 2014