UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03294-WJM-MJW

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

      Plaintiff,

v.

DISH NETWORK, L.L.C,

      Defendant.

---

## PROTECTIVE ORDER (Docket No. 37-1)

---

    THIS MATTER is before the court on Defendant's Motion for a Protective Order. Defendant requests a protective order to protect the confidentiality of certain information the parties produce in this action. The court, having reviewed the motion and being otherwise advised in the premises,

    HEREBY ORDERS as follows:

    1.    As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a), and includes electronically stored information and software programming. A draft or non-identical copy is a separate document within the meaning of this term.

    2.    Confidential Information covered under the terms of this Protective Order shall include documents, materials and/or information produced by the Equal Employment Opportunity Commission ("EEOC") or DISH Network, LLC ("DISH"), or any of either of their agents or representatives in the course of this action, when designated as "CONFIDENTIAL" as provided herein.

3. Confidential Information includes proprietary and/or confidential information of the EEOC, DISH, or FurstPerson, Inc. ("FurstPerson") the public disclosure of which would compromise and conflict with a legitimate privilege, proprietary and/or intellectual property, or privacy interest of the referenced entity.

4. Confidential Information includes, but is not limited to, the proprietary FurstPerson "on-line assessment" and/or simulation assessment questions and answers (including, but not limited to, the order in which each assessment component issued/issues); all related test modules and documentation, including user guides and training materials; scoring methodologies and algorithms utilized for purposes of the on-line assessment or any other portion of the DISH application process; validation and/or adverse impact studies performed by FurstPerson and/or DISH prior to the instant litigation related to the "on-line assessment."

5. As a condition of designating documents "CONFIDENTIAL," an official of FurstPerson who will certify that such documents designated as confidential are confidential/ proprietary under the Trade Secrets Act, Freedom of Information Act ("FOIA") exception 4 or the November 8, 2005 Software License and Hosting Services Agreement between DISH and FurstPerson. The Production of such documents designated as "CONFIDENTIAL" will operate as a representation by producing attorney that the designation based on counsel's good faith belief that the information is confidential or otherwise entitled to protection

6. Confidential Information shall not be disclosed or used by any receiving party for any purpose except for (i) the prosecution by the EEOC of the instant Application for Order to Show Cause; (ii) defense by DISH against the instant Application for Order to Show Cause; (iii) the EEOC's investigation in connection with the Stewart Charge or (iv) as prescribed by law by 5 U.S.C. § 552, Freedom of Information Act as amended. Confidential Information shall not,

without the advanced written consent of the party producing it or further order of the court, be publicly disclosed or used for any purpose other than as specified in this paragraph.

7. Confidential Information may be disclosed to the following persons for the purposes specified in Paragraph 5:

(a) Attorneys for DISH, EEOC, and FurstPerson;

(b) Persons regularly employed or associated with the attorneys working on the case whose assistance is required by said attorneys for a purpose elicited in Paragraph 5;

(c) The parties and their designated representatives;

(d) FurstPerson and its designated representatives;

(e) Any expert witnesses and consultants retained by EEOC, DISH, or FurstPerson in connection with the EEOC's Application for Order to Show cause or the EEOC's investigation into the Stewart Charge;

(f) The court and its employees ("Court Personnel")

(g) Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(h) Deponents, witnesses, or potential witnesses; and

(i) Other persons by written agreement of the parties.

8. Inadvertent Failure to Designate. An inadvertent failure to designate a document as "CONFIDENTIAL" does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely notice of designation of deposition testimony as required by this order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as "CONFIDENTIAL" after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort

to assure that the document is treated in accordance with the provisions of this order. No party shall be found to have violated this order for failing to maintain the confidentiality of material during a time when that material has not been designated "CONFIDENTIAL", even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

9. With the exception of Court Personnel and the parties, any person identified in Paragraph 6 must execute a written agreement to (a) refrain from disclosing to anyone other than the EEOC, DISH, or FurstPerson the Confidential Information; (b) refrain from using the information in any manner or for any purpose not proscribed by Paragraph 5 of this Protective Order; (c) submit to the personal jurisdiction of this court for the purpose of enforcement of this Protective Order; and (d) return the Confidential Information to the entity that initially provided it upon completion of this matter and/or the Stewart Charge. Such agreements must be maintained by EEOC or DISH, whichever provided the Confidential Information to the person listed in Paragraph 6, for a period of two years after the close of this matter.

10. Documents are designated as "CONFIDENTIAL" by placing or affixing on them (in a manner that will not interfere with their legibility) or otherwise designating as "CONFIDENTIAL" in clear and conspicuous manner (in metadata or correspondence, for example, if necessary) the following or other appropriate notice: "CONFIDENTIAL."

11. All depositions taken in this matter shall be treated as Confidential until expiration of thirty (30) days after the deposition. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as "CONFIDENTIAL" and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party

may designate portions of depositions as "CONFIDENTIAL" after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

12. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, the party designating the information as "CONFIDENTIAL" must file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order within thirty (30) days of the aforementioned notice. If such a motion is timely filed, the disputed information shall be treated as "CONFIDENTIAL" under the terms of this Protective Order until the Court rules on the motion. If the party asserting the designation of confidentiality fails to file such a motion within the prescribed time, the disputed information shall no longer be deemed "CONFIDENTIAL". In connection with a motion filed under this provision, the party designating the information as "CONFIDENTIAL" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "CONFIDENTIAL".

13. No party or entity waives any objections it may assert to discovery and/or the disclosure of Confidential Information in any subsequent litigation or any right it may have to seek a protective order governing Confidential Information that has been previously disclosed pursuant to the instant action.

14. Pursuant to Local Rule 7.1, if either party intends to file with the court a document containing Confidential Information, prior to such filing, such filing party shall advise of and confer with the other party with respect to its intent to file such a document containing

Confidential Information, and, prior to such filing, shall provide Defendant an opportunity to file a motion to restrict public access to Confidential Information within the meaning of D.C.Colo.L.CivR 7.2.

15. This Protective Order may be modified by the court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

16. Unless otherwise agreed or ordered, this order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

RESPECTFULLY SUBMITTED this 18th day of April 2014.

ATTORNEYS FOR DEFENDANTS
BY:

*s/ Paul Patten*
Paul Patten
JACKSON LEWIS P.C.
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 787-4949 – Telephone
(312) 787-4995 – Facsimile
pattenp@jacksonlewis.com

Richard Cohen
JACKSON LEWIS P.C.
2398 East Camelback Road, Suite 1060
Phoenix, AZ 85016
Telephone: (602) 714-7044
Facsimile: (602) 714-7062
cohenr@jacksonlewis.com

DONE AND ORDERED this 20th day of May, 2014.

UNITED STATES MAGISTRATE JUDGE
Michael J. Watanabe